IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY A. AVANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-067-RAW |
| | ) |
| KEN DOKE, individually and in his | ) |
| official capacity as a County Commissioner | ) |
| for Muskogee County, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court is the motion of the defendant for summary judgment. Plaintiff alleges claims of (1) retaliation for the exercise of his constitutional rights under the First Amendment and (2) violation of his rights under COBRA (the Consolidated Omnibus Budget Reconciliation Act), which provides limited continuation rights under employer-based health insurance plans.

Plaintiff was employed as a truck driver by Muskogee County from July, 1993 until his termination on November 29, 2018. His immediate supervisor was Bob Burgess, but ultimate authority resided in defendant. Defendant was first elected County Commissioner in 2014. Plaintiff openly supported defendant's opponent. Defendant ran for re-election in 2018. Plaintiff did not actively oppose defendant (although he helped put up signs for defendant's opponent). Plaintiff's wife and son, however, posted support for defendant's

opponent on Facebook and plaintiff's wife had a sign on her truck supporting defendant's opponent.

Defendant and Burgess had received complaints from Chad and Chris Rolland that plaintiff was "spreading rumors" that a road project near the Rolland property was actually designed in part to build a new fence on the property at County expense. Defendant and Burgess also received complaints that plaintiff was making remarks to members of the community that defendant and Burgess had given a registered sex offender a job at or near a school.

In May, 2018, Burgess (with defendant present) met with plaintiff to discuss the issue. Burgess advised plaintiff that his behavior was not appropriate and told him to stop it immediately. In June, 2018, Burgess took medical leave. He did not return until November 2018. Defendant was re-elected on November 6, 2018. When Burgess returned to work, he learned that plaintiff was still "spreading rumors and making negative remarks." He recommended that plaintiff be terminated and defendant did so on November 29, 2018.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) F.R.Cv.P. A dispute is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmoving party; a fact is material when it might affect the outcome of the suit under governing law. *See Foster v. Mountain Coal Co.,* 830 F.3d 1178, 1186 (10th Cir.2016). The court must view all evidence and draw reasonable inferences

therefrom in the light most favorable to the nonmoving party. *Spring Creek Expl. & Prod. Co. v. Hess Bakken Inv., II, LLC,* 887 F.3d 1003, 1027 (10th Cir.2018).

Defendant is sued in both his official and individual capacities. In his individual capacity, he may assert the defense of qualified immunity. When a defendant asserts a qualified-immunity defense, the plaintiff must show that (1) the defendant violated a federal statutory or constitutional right; and (2) the right was clearly established at the time of the defendant's conduct. *Tice v. Dougherty,* 2021 WL 717047, *2 (10th Cir.2021).

"The test applied to determine whether an employer has retaliated against an employee in violation of the First Amendment differs based on the nature of the reason for the retaliation which the employee alleges." *Lujan v. City of Santa Fe,* 2016 WL 10179277, *3 (D.N.M.2016). *See Jantzen v. Hawkins,* 188 F.3d 1247, 1251 (10th Cir.1999)(noting distinct tests for First Amendment retaliation claims regarding (1) free speech and (2) political affiliation).

"Where a government employer takes adverse action on account of an employee's political association and/or political beliefs, we apply the test as developed in the *Elrod v. Burns,* [427 U.S. 347 (1976)] and *Branti v. Finkel,* [445 U.S. 507 (1980)] line of cases. *Id.* "Where a government employer takes adverse action because of an employee's exercise of his or her right of free speech, we apply the balancing test from *Pickering v. Board of Educ.,* [391 U.S.563 (1968)] and *Connick v. Myers,* [461 U.S. 138 (1983], (the '*Pickering/Connick* test.'"). *Id.*

"The First Amendment protects public employees from discrimination based upon their political beliefs, affiliation, or non-affiliation unless their work requires political allegiance." *Snyder v. City of Moab,* 354 F.3d 1179, 1184 (10th Cir.2003). To avoid summary judgment, plaintiff must establish that a genuine issue of material fact exists that provides evidence that his political affiliation or beliefs were the "substantial" or "motivating" factor behind his termination and that his position did not require political allegiance.[1] If plaintiff presents evidence that his affiliation was a substantial or motivating factor in his termination, defendant may avoid liability by establishing by a preponderance of the evidence that he would have reached the same decision as to plaintiff's employment even in the absence of his protected conduct. *Walton v. Powell,* 821 F.3d 1204, 1211 (10th Cir.2016).

The *Pickering/Garcetti* analysis employs a five-part balancing test.[2] The factors are: (1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern; (3) whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests; (4) whether the protected speech was a motivating factor in the adverse employment action; and (5) whether the defendant would have reached the same

---

[1] The employer bears the burden of proving that a position required political allegiance. *Snyder,* 354 F.3d at 1185. Here, defendant has evidently declined to take a position. (*See* #39 at page 18 of 29 in CM/ECF pagination, n.3). Therefore, the burden has not been met.

[2] The test was modified in *Garcetti v. Ceballos,* 547 U.S. 410 (2006).

employment decision in the absence of the protected conduct. *Trant v. Oklahoma,* 754 F.3d 1158, 1165 (10th Cir.2014).

The briefing in this case presents difficulties as to maintaining the lines of demarcation, because this case stands in an unusual posture. It appears plaintiff initially based his First Amendment claim upon the fact that his family (wife and son) campaigned for defendant's opponent in the election. (*See* #2 at ¶¶9-10 & 14). The court will refer to this as the "political association" claim. Plaintiff then notes in his opposition to summary judgment that "late in the course of his lawsuit" defendant admitted that he fired plaintiff primarily because of plaintiff's criticism regarding the fence and the other employee. (#39 at page 5 of 29 in CM/ECF pagination). *See also* #39-2 at page 27 of 32 in CM/ECF pagination, ll. 1-4. The court will refer to this as the "free speech" claim. This latter claim is, understandbly, not in plaintiff's complaint.[3] Summary judgment will be granted as to plaintiff's claim regarding his family, or the "political association" claim. Defendant argues that, to succeed on this claim, plaintiff "must prove that *his* political affiliation, not that of his wife or his son, was a substantial or motivating factor behind the termination." (#34 at page 19 of 30 in CM/ECF pagination)(emphasis in original). The court agrees. *See Walton*

---

[3] A plaintiff may not amend his complaint through argument in a brief opposing summary judgment. *Gilmour v. Gates, McDonald and Co.,* 382 F.3d 1312, 1315 (11th Cir.2004). On the other hand, the Tenth Circuit in addressing a new claim raised in response to a motion for summary judgment stated: "[a] plaintiff should not be prevented from pursuing a claim simply because of a failure to set forth in the complaint a theory on which the plaintiff could recover, provided that a late shift in the thrust of the case will not prejudice the other party in maintaining its defense." *Green Country Food Mkt., Inc. v. Bottling Grp., LLC,* 371 F.3d 1275, 1279 (10th Cir.2004). Here, assuming plaintiff is asserting a "new" claim, it is under the umbrella of the First Amendment, and is based upon defendant's own statement in a deposition taken in this case. The court will permit it.

*v. Powell,* 821 F.3d 1204, 1211 (10th Cir.2016).  Assuming *arguendo* the claim is viable as to defendant in his official capacity, at this time there is no clearly established "general right under the First Amendment to be free of retaliation based upon the conduct of a family member."  *Vigil v. Tweed,* 2019 WL 2411740, *12 (D.N.M.2019)(citing *Gaines v. Wardynski,* 871 F.3d 1203, 1209 (11th Cir.2017)).  Because the right is not clearly established, defendant would be entitled to qualified immunity in his individual capacity as to this claim.  The "political association" claim is dismissed.

As to the free speech claim (under the circumstances described in footnote 3) the parties have not actually directed their briefs to the applicable test.  Nevertheless, the court will proceed.  Regarding the *Pickering/Garcetti* test described above, steps one through three are questions of law for the court, and the final two concern questions of fact.  *Helget v. City of Hays, Kansas,* 844 F.3d 1216, 1222 (10th Cir.2017).  The purpose of the test is to "achieve the required balance between the interests of public employees in commenting on matters of public concern and the interests of government employers in performing efficiently."  *Bailey v. Indep. Sch. Dist. No. 69 of Canadian Cty. Oklahoma,* 896 F.3d 1176, 1181 (10th Cir.2018).

Ordinarily the First Amendment prohibits the government from punishing a person for exercising the right to free speech.  *Fields v. City of Tulsa,* 753 F.3d 1000, 1013 (10th Cir.2014).  When the government is a person's employer, however, the right to free speech is limited in ways that could otherwise be unconstitutional.  *Id.*  Speech, for example, can be insubordinate, disruptive, or demoralizing; and government employers are not required

to let such misconduct pass. *Id.* On the other hand, an employee's First Amendment interest is entitled to greater weight where he is acting as a whistle blower in exposing government corruption. *See Helget v. City of Hays, Kansas,* 844 F.3d 1216, 1223 (10th Cir.2017).

As to the first factor, the line of logic is that when an employee makes a statement pursuant to his official duties, he is not speaking as a citizen for First Amendment purposes and his statement is not necessarily protected from employer discipline. Generally, the court asks whether the speech stemmed from and was of the type that the employee was paid to do. *See generally Wittmer v. Thomason,* 2021 WL 849981, **3-4 (E.D.Okla.2021)(discussing Tenth Circuit authority). Here, plaintiff was employed as a truck driver and he had no official duty to address the conduct of a County Commissioner. Also, his chosen audience (such as it was) appears to be the public. The court finds the first factor in plaintiff's favor for summary judgment purposes.

"Speech involves matters of public concern when it can be fairly considered as relating to any matter of political, social, or other concern to the community, or when it is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public." *Butler v. Bd. of Cty. Comm'rs,* 920 F.3d 651, 655-56 (10th Cir.2019). Here, one statement involved alleged misuse of funds to benefit defendant's campaign supporter. The court finds that to be a matter of public concern. The second statement (involving a convicted sex offender working near a school) is more difficult. It implicates privacy concerns and the attempt of a person convicted of any offense seeking to proceed in

gainful employment. Still, viewing the record in the light most favorable to plaintiff, the court also finds this statement to involve a matter of public concern.[4]

Turning to the third factor, the court again incorporates by reference the thorough discussion of pertinent authority in *Wittmer,* 2021 WL 849981, **5-6. The burden is on the employer to justify the regulation of the speech and when there is a delay in employment action such as firing an employee, the Defendant must demonstrate actual disruption to justify terminating an employee. *Id.* at *5. Here, defendant has not demonstrated actual disruption, but merely stated that the statements were taken as "personal criticism." The court finds in favor of plaintiff on this factor for purposes of the present motion.

The fourth factor requires plaintiff to demonstrate that his speech was a substantial motivating factor in the decision to terminate him. *Lobato v. N.M. Envir.Dept.,* 733 F.3d 1283, 1297 (10th Cir.2013). In the case at bar, defendant conceded in his deposition that the statements were a basis for termination. The fourth prong is satisfied.

Finally, the fifth prong asks whether the dfeendant would have reached the same employment decision in the absence of the protected conduct. Again, defendant's statement in his deposition indicates to the contrary. The court finds summary judgment should not be granted as to the fifth prong either.

---

[4]Defendant characterizes plaintiff's comments as mere "gossip and making disparaging remarks about a fellow employee." (#44 at 2). In *Waters v. Churchill,* 511 U.S. 661 (1994), the Supreme Court ruled that a public employer does not violate the First Amendment if it honestly and reasonably believes that an employee *has not* engaged in protected speech. In that case, however, the employer conducted an investigation and essentially was faced with two different versions of plaintiff's statements. In the case at bar, there is no dispute as to the content of plaintiff's statements.

Again because of the unusual posture of this case, defendant has not moved for qualified immunity as to plaintiff's free speech claim. In any event, such motion would be denied. The court finds a genuine issue of fact as to constitutional violation. Also, it is clearly established law that when a public employee speaks as a citizen on matters of public concern to outside entities despite the absence of any job-related reason to do so, the employer may not take retaliatory action. *Casey v. West Las Vegas Indep. Sch. Dist.*, 473 F.3d 1323, 133-1334 (10th Cir.2007)

Defendant moved for summary judgment in his official capacity as to the political association claim, and the court incorporates the argument as if made in response to the free speech claims. A municipal policy or custom may take the form of a decision by employees with final policy-making authority. *See Waller v. City and County of Denver,* 932 F.3d 1277, 1283 (10th Cir.2019). A county commissioner has final decision-making authority over the hiring and firing of employees within that district. *See Henry v. Okla. Cty. Bd. of Cty. Comm'rs,* 182 F.3d 931 (10th Cir.1999). *See also* #11 at 2 ¶15. The motion will be denied in this regard.

As to plaintiff's COBRA claim, defendant has established that the termination of plaintiff's insurance was not an act with which he was involved. It would appear, however, that as cancellation of insurance was a foreseeable consequence of termination, plaintiff may

9

assert such monetary loss as he suffered as an element of damages regarding his First Amendment claim.[5]

It is the order of the court that the motion of the defendant for summary judgment (#34) is hereby granted in part and denied in part. The motion is granted as to plaintiff's "political association" claim and is presently denied as to plaintiff's "free speech" claim. Plaintiff's COBRA claim is only recognized as an element of damages.

ORDERED THIS 23rd DAY OF MARCH, 2021.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[5] Having said all of the above, the court has belatedly noticed yet another twist. Plaintiff testified that he did not in fact make the statements in question. (#39-1 at page of 12, ll.5-7; page 4 of 12 ll.5-12). It has generally been held that there can be no First Amendment cause of action where there was no speech by plaintiff. *See, e.g., Wasson v. Sonoma Cty. Junior Coll,* 203 F.3d 659, 662-63 (9th Cir.2000). Plaintiff relies (#39 at n.4) on *Heffernan v. City of Patterson, N.J.,* 136 S.Ct. 1412 (2016), which held that an employee could challenge an employer's retaliation for protected First Amendment conduct even if that retaliation was based on the employer's factual mistake about the employee's behavior. *Heffernan*, however, appears to deal with political association rather than free speech. The parties may wish to submit supplemental briefs on this point.