IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY A. AVANT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  Case No. CIV-20-067-RAW |
| | ) |
| KEN DOKE, individually and in his | ) |
| official capacity as a County Commissioner | ) |
| for Muskogee County, | ) |
| | ) |
|     Defendant. | ) |

## **ORDER**

Before the court is the motion of the defendant to reconsider order denying summary judgment to defendant in his official capacity. In a previous order, the court denied defendant's motion for summary judgment, in both his official and individual capacity. In denying the motion as to individual capacity, the court rejected defendant's assertion of qualified immunity. On interlocutory appeal, the Tenth Circuit found that defendant was entitled to qualified immunity and remanded "for the district court to grant summary judgment to the commissioner in his personal capacity on the First Amendment claim for retaliation based on perceived speech." *Avant v. Doke,* 104 F.4th 203, 212 (10th Cir.2024).

Defendant now moves for the court to also grant summary judgment to defendant in his official capacity. Put succinctly, defendant's position is "[t]he Tenth Circuit has already determined that Defendant is entitled to qualified immunity in his individual capacity. Plaintiff is therefore unable to satisfy the requirements for official capacity liability." (#146

at 5). Plaintiff's position is "[a] grant of qualified immunity **does not per se** absolve the county from liability." (#147 at 1)(emphasis in original).

Plaintiff is correct. If qualified immunity is premised on the lack of a constitutional violation, the political entity is not liable. If, however, qualified immunity is based on the law not being clearly established, the claims against the political entity may proceed.[1] *See Hinton v. City of Elwood, Kan.,* 997 F.2d 774, 782 (10th Cir.1993); *Watson v. City of Kansas City, Kan.,* 857 F.2d 690, 697 (10th Cir.1988). *See also Ivey v. Audrain County, Missouri,* 968 F.3d 845, 851 (8th Cir.2020)("We hold only that the officers are immune from suit because they did not violate Ivey's clearly established rights. That does not mean that they did not violate the [C]onstitution.")

Defendant asserts: "Plaintiff has not pointed to *any* authority which supports that municipal liability can still exist when the municipal liability claim is based solely on the actions of a final policymaker who has been granted qualified immunity for the actions at issue." (#148 at 1)(emphasis in original). On the other hand, defendant has not cited any authority to the contrary. While not precisely analogous, the Tenth Circuit has held that official capacity claims against a Sheriff – the final policy maker for a County in the context of jail and law enforcement conduct – may be considered although the defendants were not

---

[1]The Tenth Circuit stated: "The commissioner argues in part that he didn't violate the Constitution by firing Mr. Avant. But we need not address that argument because a constitutional violation wouldn't have been clearly established." *Avant,* 104 F.4th at 208.

liable in their individual capacities. *See, e.g., Porro v. Barnes,* 624 F.3d 1322, 1328 (10th Cir.2010).

Defendant cites authority for the proposition that "[i]t is well established that the lack of a constitutional violation by the officers of a municipality negates a finding of liability against the municipality itself." (#146 at 6). The predicate described is not what the Tenth Circuit found, however. The appellate court stated: "[g]iven the lack of any applicable holdings to assess Mr. Avant's primary motive, the existence of a public concern wasn't *clearly established.*" *Avant,* 104 F.4th at 210 (emphasis added). Also, "[o]n the merits, Mr. Avant has not shown that the perceived speech involved a *clearly established* public concern." *Id.* at 212 (emphasis added). Defendant interprets these passages to mean the Tenth Circuit "*did* decide that Plaintiff's constitutional rights were not violated[.]" (#148 at 2)(emphasis in original). This court disagrees.

Defendant further cites the sentence in which the Tenth Circuit states that "[t]he reasonableness of the commissioner's belief entails an issue of law, not fact." *Id.* at 208. As the case cited by the appellate court, *Keylon v. City of Albuquerque,* 535 F.3d 1210 (10th Cir.2008) indicates, that conclusion is again in the context of a qualified immunity analysis. Defendant also cites footnote 5 of the opinion as conclusively standing for the proposition that "it was reasonable for Defendant to believe the perceived speech was not on a matter of public concern." (#148 at 3). That is not this court's reading of footnote 5, which speaks in contingent terms: "*If* the court were to credit that contention . . ."; "a reasonable

commissioner *might* question the existence of a public concern." (emphasis added). Rather, this court is persuaded that, based in part on the reasoning and authority cited in Judge Matheson's concurrence, this court could still conclude on reconsideration that plaintiff's purported speech was on a matter of public concern.² Defendant's motion is denied in its first argument.

Defendant presents a second argument, which plaintiff does not address in his response. In *Heffernan v. City of Paterson, N.J.,* 578 U.S. 266 (2016), the Supreme Court "recognized a narrow affirmative defense to a First Amendment retaliation claim when public employees' political activities are restricted in a neutral and constitutional manner." *Duda v. Elder,* 7 F.4th 899, 911 (10th Cir.2021)(footnote omitted). A determination must be made (1) whether the policy existed; (2) whether the supervisor was indeed following it; (3) whether it complies with constitutional standards. *Id.* "In sum, even if a plaintiff shows an adverse action taken because of protected political speech – that is, the plaintiff satisfied the five *Garcetti/Pickering* elements – the employer may prevail by satisfying *Heffernan.*" *Id.*

In a previous order, this court found "that a neutral policy existed and that defendant was following it." (#134 at 13). This court further found that a constitutional application of the policy required the employer to determine the proper factual basis. *Id.* at 14. The Tenth Circuit appears to have negated any such requirement, even as to the *Heffernan* defense.

---

²Whether the speech was on a matter of public concern is one of the first three elements of the *Garcetti/Pickering* test. "The first three elements are issues of law for the court to decide, while the last two are factual issues typically decided by the jury." *Trant v. Oklahoma,* 754 F.3d 1158, 1165 (10th Cir.2014). This court will not undertake that discussion, because of the second aspect of the present motion.

4

"[A] public employee may, consistently with the First Amendment, prohibit its employees from being 'rude to customers,' a standard almost certainly too vague when applied to the public at large." *Waters,* 511 U.S. at 673. Defendant's motion will be granted in this second aspect.

It is the order of the court that defendant's motion to reconsider (#146) is hereby granted in part and denied in part. Summary judgment is granted to the defendant on plaintiff's claims against the defendant in defendant's official capacity. Pursuant to the Tenth Circuit mandate, summary judgment is also granted on plaintiff's claim against the defendant in defendant's individual capacity.

**ORDERED THIS 3rd DAY OF SEPTEMBER, 2024.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**